UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

CAROL PIETANZA,

    Plaintiff,

vs.

EXAM COORDINATORS NETWORK, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, CAROL PIETANZA, by and through her undersigned counsel, and sues the Defendant, EXAM COORDINATORS NETWORK, INC., and alleges as follows:

## INTRODUCTION

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over their controversy based upon the FMLA, and venue is proper as all acts described herein occurred within this judicial district.

## PARTIES

3. At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA.

1

5. At all times material hereto, Defendant was a Florida Corporation doing business and services in this judicial district, was the employer or former employer of the Plaintiff, and is an employer as defined by the FMLA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action.

## STATEMENT OF FACTS

7. The Plaintiff began employment with the Defendant in October of 2012.

8. On February 13, 2014, the Plaintiff had shattered her wrist and went into surgery immediately thereafter on February 14, 2014.

9. That following Monday (February 17, 2014), the Plaintiff was placed on FMLA leave, as she would need approximately six weeks to recover from surgery.

10. However, by March 5, 2014, which was the twelfth (12th) day after her surgery, the Plaintiff returned back to work early as she was informed that the Defendant was short staffed.

11. Upon her return, the Plaintiff was unable to submit metrics to the Defendant considering her right wrist was still not 100% functional due to her early return.

12. As a result, only one week later, on March 12, 2014, the Plaintiff was terminated stating that she was not meeting company standards.

13. Considering she had never been counseled or received any reprimands for bad performance, this was shocking to the Plaintiff.

14. In fact, the Plaintiff had just received a bonus in the beginning of February 2014 and recently received a raise before that in October of 2013.

15. The Defendant's apparent reason for termination was that the Plaintiff was seen on video moving a co-worker's purse out of view of a surveillance camera.

16. However, this is clearly a pretextual reason for termination considering (a) nothing was taken from the purse, (b) there were no warnings, (c) there was no documentation, and (d) that is not what the Plaintiff was told when she was terminated.

17. There is simply no doubt that the Plaintiff's termination was motivated by her FMLA leave.

## COUNT I

## FMLA RETALIATION

18. The Plaintiff incorporates by reference paragraphs 1-17 herein.

19. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

20. As a result of this exercise of the FMLA, the Defendant intentionally, willfully and unlawfully retaliated against the Plaintiff, in violation of the FMLA.

21. That the Defendant's decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's FMLA coverage.

22. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

23. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, CAROL PIETANZA, requests that judgment be entered against the Defendant, EXAM COORDINATORS NETWORK, INC., for all damages

recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: January 13, 2015.

Respectfully submitted,

Law Offices of Levy & Levy, P.A.
915 Middle River Drive, #518
Fort Lauderdale, Florida 33304
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*s/Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701